American Trust Co. of New Jersey *v.* North Belleville Quarry Co.

THE AMERICAN TRUST COMPANY OF NEW JERSEY

*v.*

THE NORTH BELLEVILLE QUARRY COMPANY and others.

After a decree in foreclosure and execution issued against an insolvent corporation, it quarried certain stone on the premises covered by the mortgage, which stone still remained on the ground.—*Held,* that,

as between the mortgagor and mortgagee, such stone was subject to the mortgage.—*Held,* also, that, under the circumstances, it was subject to the prior lien, under the statute, of the quarrymen's wages.

---

Bill to foreclose. Petition of the receiver (in insolvency) of the complainants for an injunction to restrain the defendants (the quarry company) from removing or disposing of stone quarried on the mortgaged premises by them since the decree was made and execution issued in the cause. On motion to dissolve the injunction on petition and affidavit annexed, and affidavits on ·the behalf of the quarry company.

*Mr. W. S. Whitehead,* for the motion.

*Mr. Cortlandt Parker, contra.*

THE CHANCELLOR.

The mortgagors move to dissolve the injunction, on the ground that the stone which, by the writ, they are restrained from removing or disposing of, has been separated from the quarry, and is, therefore, free from the lien of the mortgage. They also urge that about sixty per cent. of its present value has been given to it by the labor bestowed upon it by their employes.

The decree for sale of the mortgaged premises was made, and the execution issued thereon, in 1875. The premises then were, as they ever since have been, in the possession of the mortgagors. They are an insufficient security for the mortgage debt, and the mortgagors are insolvent. The stone which the petitioner seeks to hold by means of the injunction, was quarried from the premises, by the mortgagors, after the execution was issued, and lies on the property. It has not been sold or pledged.

The lien of the petitioner is, under the circumstances, valid as between him and the mortgagors. The decree ordered that the premises be sold to pay the mortgage debt,

and the sheriff was directed to sell them accordingly. The mortgagees stayed the execution of the decree, and left the property in the possession of the mortgagors. The latter, with a view to selling the stone, which was part of the realty, quarried it. The fact that they so removed it and expended labor on it, would not, as between them and the mortgagees, divest the lien of the mortgage or put the stone beyond the reach of the decree and execution. It does not appear that any third party has any claim on the stone superior to that of the petitioner, except the workmen of the mortgagors, who may claim a lien for wages under the sixty-third section of the act concerning corporations. That lien would, under the circumstances, be paramount. The mortgagors are, in fact, an insolvent corporation, and proceedings have been taken in this court, in view of their insolvency, for the appointment of a receiver on the application of their workmen. Those proceedings are in abeyance only to afford the mortgagors an opportunity to pay the workmen. The mortgagees have permitted the mortgagors to deal with the mortgaged premises as if they were their own, notwithstanding the decree and execution. Their lien must, as to the stone in question, be postponed to that of the workmen.

The injunction will be modified so as to permit the mortgagors to sell so much of the stone as may be necessary to pay the wages of the workmen.